25-3051 Mr. Azagrar, may it please the Court, I'm Joseph Benhaddou Azagrar. I'm the prosecutor and the appellant. This appeal, Your Honors, concerns whether the district court erred in denying preliminary juncted relief based on overly broad interpretation of Section 634B1, and by concluding that the requested relief constituted final relief rather than the preservation of the status quo pending adjudication. I'd like to address three fundamental points, first of which— Mr. Azagrar, did I pronounce that correctly, sir? Correct. Thank you. If you can keep your voice up, I know it's a little nerve-wracking to be standing here making an oral argument. I understand that. But if you can keep your voice up, that will be helpful because I'm having a little trouble hearing you. Okay? Sure will. Thank you, Your Honor. If I may repeat what I just said, this appeal concerns whether the district court erred in denying preliminary injunctive relief based on overly broad interpretation of Section 634B1, and by concluding that the requested relief constituted a final relief rather than the preservation of the status quo pending adjudication. For that, I would like to address three fundamental points, one of which, why did I ask the district court for relief? I'd rather say what I did not ask the district court is to compel the Small Business Administration to issue a loan or disburse funds. Instead, I asked the district court to grant interim relief, preserving the operational status quo. Mr. Ezegar, the bank says that you never applied for a loan and that they did not deny you a loan. Do you have any proof that you gave to the district court that you actually applied for a loan and they denied it to you? Your Honor, that is true. It's in the exhibits. Meaning what is true? You're saying it is true that you have that proof? Extensively. We spent over 10 days exchanging emails and filing the documents that are needed to apply. That's before the court, before the district court. So you received something from the bank that said, we deny your loan? That is correct. Did you actually fill out an application or did you have communications with the intermediary bank? Do you know what I'm saying? Did you actually fill out an application or did you just have emails with the bank? I would like to explain the process, Your Honor. Essentially, you enter the portal with the Small Business Administration and they match you with a few banks that they say you matched to. You contact the bank, which I did, First National Bank, and I obtained a response. Once they responded, we spoke on the phone over my objectives and all I'm looking for. They say, I'm going to send you an application packet that you need to fill out and complete and sign and submit back. Once we look at it, then we'll ask you for all the financial information that we need. So my CPA and myself coordinated extensive financial documents, both personal and involving PER. We submitted them to their full satisfaction and we got updates from now First National Bank that we're looking into this and the underwriters are looking into this. The next thing you know, a formal email declining the loan. Who was seeking the loan? It's a loan for the business, right? Correct. I would like to clarify that, Your Honor. At the point when I applied, it's made clear that I'm sole proprietor of PER. LLC had dissolved in 2024. So formally I apply to First National Bank as a sole proprietor, the guarantor. I am the party in interest. But I understood your business, the veterinarian clinic is now an LLC again, is that correct? Ma'am, for the purpose, some of the collateral damage and the consequences is that one of the financial institutions that have financed one of our equipment decided to escalate and filed for default judgment. The attorney that represented me said, in order for me to represent the LLC because they sued both myself and the LLC, you need to at least register again for the purpose of that particular litigation. That's one of the collateral damages is that because of lack of loan and funding, I'm facing the default judgments, one already in court. So I was forced to register the LLC again for the purpose of litigation. I have no plan on maintaining the LLC active. Okay. Thank you, sir. We'll hear from Mr. Nelson. Thank you. Thank you, Ellen. Ms. Nelson, sorry. Good morning. I'm Annie Nelson, assistant U.S. attorney from the Eastern District of New York, representing the federal defendants at police. The district court acted within its discretion in denying plaintiff's motion for preliminary injunctive relief, and unless the court has questions, I will rest on the arguments in our brief. Thank you. Questions? All right. Thank you, counsel. All right. That concludes our arguments today.